UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MEMBER SERVICES, INC., ROGER D. BANKS,
and R. AARON BANKS,

      Plaintiffs,

vs.

SECURITY MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK, a New York
Corporation, ARCHWAY TECHNOLOGY
SERVICES, INC., a New York Corporation,
SCHMITT-SUSSMAN ENTERPRISES, INC., a
Delaware Corporation, BRUCE W. BOYEA,
RICHARD G. GRADY, GEORGE F. CONMY,
JOSEPH SPERDUTI, and MICHAEL A. LESKA,

      Defendants.

**CIVIL CASE MANAGEMENT PLAN**

Civil Action No.: 3:06-CV-1164 (TJM/DEP)

---

  **IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held before the Honorable David E. Peebles on Friday, January 5, 2007 at 12:00 noon at the United States Courthouse, 15 Henry Street, Binghamton, New York.

  The parties hereby submit the following Civil Case Management Plan:

**1. JOINDER OF PARTIES:**

  Any application to join any person as a party to this action shall be made on or before April 1, 2007.

**2. AMENDMENT OF PLEADINGS:**

  Any application to amend the pleadings to this action shall be made on or before July 1, 2007.

**3.    DISCOVERY:**

A.    Fact Discovery

All fact discovery in this action shall be completed on or before October 1, 2007.

B.    Expert Discovery

In light of the facts and circumstances of this case, the parties request that the following schedule for expert discovery be adopted in lieu of the dates automatically established by the Court's standard scheduling order:

Plaintiff's expert report, if any, shall be served on or before November 1, 2007.

Defendants' expert report or reports, if any, shall be served on or before December 1, 2007.

Expert depositions, if any, shall be concluded on or before January 1, 2008.

**4.    MOTIONS:**

All motions, including discovery motions, shall be made on or before February 1, 2008.

**5.    PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:**

The action will be ready to proceed to trial on or before April 1, 2008. It is anticipated that the trial will take approximately one (1) week to complete. The parties request that the trial be held in Binghamton, New York.

**6.    HAVE THE PARTIES FILED A JURY DEMAND?**

Yes.

**7.    DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. All parties are subject to the Court's jurisdiction. All parties have been served.

7. **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANTS' DEFENSES (INCLUDE COUNTERCLAIMS AND CROSSCLAIMS, IF APPLICABLE)?**

<u>Plaintiffs' Claims</u>:   Plaintiff Member Services, Inc. ("MSI") is an insurance brokerage firm located in North Carolina.  Plaintiff Roger D. Banks is MSI's owner.  Plaintiff R. Aaron Banks is Roger Banks' son and an MSI employee.  Defendant Security Mutual Life Insurance Company of New York ("SML") is a New York life insurance company.  Defendants Bruce W. Boyea, Richard G. Grady, George F. Conmy, Joseph Sperduti, and Michael A. Leska are current or former SML officers and employees.  Defendant Archway Technology Services, Inc., is a wholly-owned SML subsidiary.  Defendant Schmitt-Sussman Enterprises, Inc. ("SSE") is an insurance brokerage firm located in Connecticut.  SSI has been an SML general agent for a number of years.

In early 2003, MSI and SML entered into a business relationship pursuant to which MSI agreed to market SML's life insurance products to members of Piedmont Aviation Credit Union, with which MSI had a relationship, and particularly with Credit Union members employed by Lowe's Home Improvement centers.  The relationship between MSI and SML continued until approximately August 2004, at which time it ended.

Essentially, plaintiffs allege that defendants conspired to misappropriate plaintiffs' allegedly proprietary software, known as "CU@Work," designed to allow for taking and processing insurance applications through electronic means.  The complaint sets forth the following twelve causes of action:

- Copyright infringement under 17 U.S.C. §§504, *et seq.*

- Trademark dilution under 15 U.S.C. §1125(c).

- False designation of origin under 15 U.S.C. §1125(a).

- Scheme to defraud under RICO, 18 U.S.C. §§1961, *et seq.*

- Breach of fiduciary relationship.

- Breach of contract, breach of the covenant of good faith dealing, and unjust enrichment.

- Tortious interference with business relationships and prospects.

- Unfair and/or deceptive practices under North Carolina Gen. Stat. §§75-1.1, *et seq.* and New York General Business Law §349.

- Actionable use of plaintiffs' trade name and domain name under New York General Business Law §360(1).

- Common Law Unfair Competition.

- For a constructive trust of property and funds taken from plaintiffs.

- Fraudulent misrepresentation.

<u>Defendants' Defenses</u>:

Defendants SML, Archway Technology Services, Inc. Bruce W. Boyea, Richard G. Grady, George F. Conmy, Joseph Sperduti, and Michael A. Leska, deny the operative facts set forth in the complaint, and have also set forth numerous affirmative defenses, including:

- That the complaint fails to state a claim upon which relief may be granted.

- That plaintiffs' action represents an attempt to gain leverage in a state court collection by SML again MSI and Roger Banks.
- That plaintiff's action is based upon profoundly inaccurate premises regarding the nature and details of the computer technology involved, as well as the nature and extent of the business dealings among the parties.
- That the parties never had a meeting of the minds as to material components of plaintiffs' claims.
- That the action is barred by the statute of frauds.
- That the action is barred by estoppel.
- That the action is barred by waiver.
- That plaintiffs failed to mitigate damages.
- That plaintiffs' claims are barred by comparative and/or contributory negligence.
- That plaintiffs' claims are barred by unclean hands.
- That the damages alleged by plaintiffs are the result of actions of third parties for whom defendants are not responsible.
- That plaintiffs' claims are barred by laches.

Defendant SSE also denies the operative facts of the complaint, and has set forth the following affirmative defenses:

- That the complaint fails to state a claim upon which relief may be granted.
- That SSE never had any access protected by plaintiffs' alleged copyrights.

- That SSE developed software for the marketing of insurance products to credit unions and their sponsored employer groups prior to the time plaintiffs alleged began to deal with SML.
- SSE never had any relationship or dealings with plaintiffs.
- That the action is barred by unclean hands.
- That the damages alleged by plaintiffs are the result of actions of third parties for whom defendants are not responsible.
- That the action is barred by laches.
- That the action is barred by estoppel.
- That the action is barred by waiver.
- That plaintiffs have failed to mitigate damages.
- That the action is barred by plaintiffs' comparative and/or contributory negligence.
- That to the extent plaintiffs have suffered damages, they are the responsibility of SML and not SSE.
- That SSE never engaged in any type of consumer practice or act with plaintiffs.

SML has also interposed a counterclaim against plaintiffs for fraud in the inducement and for failure to return laptop computers. To date, SSE has not interposed a counterclaim nor has any of the defendants interposed cross-claims.

8. **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

The parties disagree on virtually every factual and legal issue as outlined above.

1/3/07                                         6

9. **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?**

The parties do not presently anticipate that the issues can be narrowed by agreement.

10. **ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Defendants SML, Archway Technology Services, Inc., Bruce W. Boyea, Richard G. Grady, George F. Conmy, Joseph Sperduti, and Michael A. Leska intend to bring a dispositive motion early in the action, probably pursuant to Rules 12 and 56, Federal Rules of Civil Procedure.

Defendant SSE intend to file a dispositive motion similar to that of the other defendants.

Plaintiffs cannot determine whether they will bring any motions until after the close of discovery.

11. **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs seek an unspecified amount of damages and a variety of injunctive relief as outlined in the *ad damnum* portion of the complaint.

SML seeks an unspecified amount of damages in its counterclaims.

12. **DISCOVERY PLAN:**

    (A) **What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure?**

None anticipated at this time.

    (B)    When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?

The parties will exchange the mandatory disclosure on or before January 19, 2006.

    (C)    Describe the timetable for discovery, the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information.

The parties intend to engage in document discovery during the winter and spring, and will likely conduct depositions in the spring and summer to complete discovery within the time frame set forth above. The parties anticipate that expert disclosure will be conducted after the conclusion of fact discovery. The parties do not presently apprehend any alternatives to the traditional methods of discovery.

    (D)    What forms of discovery does each party intend to pursue?

Party and non-party depositions, documentary and electronic discovery, requests for admission, and interrogatories as described in paragraph 12(c), above. The parties also anticipate that expert discovery will be significant.

    (E)    Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?

The parties anticipate that they will request that the court enter an agreed-upon protective order with respect to the handling and exchange of confidential information.

**13.   IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENT, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this point, the parties do not anticipate any expedited means of presenting evidence. It is expected that the factual issues will be sharply in dispute. The parties may be able to stipulate to the admissibility of certain documents.

14. **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THE COURT?**

None.

15  **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

16. **WHAT ARE THE PROSPECTS OF SETTLEMENT?**

Cannot be evaluated until after completion of discovery.

17. **HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The parties will continue to pursue global settlement discussions throughout the discovery process and thereafter.

18. **IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD:**

Not applicable.


Pursuant to Fed. R. Civ. P. 26(f), various telephone conferences and e-mail exchanges were conducted between December 28, 2006 and January 3, 2007 among and between Albert J. Millus, Jr., Esq. for defendants Security Mutual Life Insurance Company of New York, Archway Technology Services, Inc., Bruce W. Boyea, Richard G. Grady, George F. Conmy, Joseph Sperduti, and Michael A. Leska, by David A. Slossberg, Esq. and Brian J. Wheelin, Esq. for defendant Schmitt-Sussman Enterprises,

Incorporated, and by Ronald R. Benjamin, Esq. for plaintiffs. All counsel approved this final document.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

**Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.**