IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MEMBER SERVICES, INC., *et al.*,

            Plaintiffs,

    vs.                                Civ. Action No.
                                       3:06-CV-1164 (TJM/DEP)

SECURITY MUTUAL LIFE INSURANCE,
 *et al.*,

            Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFFS:

BENJAMIN LAW FIRM             RONALD R. BENJAMIN, ESQ.
P.O. Box 607
126 Riverside Drive
Binghamton, NY 13902-0607

FOR DEFENDANTS:

HINMAN, HOWARD LAW FIRM    ALBERT J. MILLUS, JR., ESQ.
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

HURWITZ, SAGARIN LAW FIRM   DAVID A. SLOSSBERG, ESQ.
147 North Broad Street
Milford, CT 06460

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiffs Member Services, Inc. ("MSI"), Roger D. Banks, and R. Aaron Banks have commenced this action claiming, in a comprehensive complaint containing a host of federal and pendent state law claims, that the defendants, under the guise of exploring a business relationship among the parties, pirated plaintiffs' protected intellectual property, including a software program utilized to market their products and those of other affiliates. Among the claims asserted in plaintiffs' complaint is a cause of action for copyright infringement, in violation of the Copyright Revision Act of 1976, 17 U.S.C. § 101 *et seq.*, alleging infringement of a copyrighted computer program and accompanying source code and communication content.

Currently pending before the court are cross-motions of the parties addressing a discovery dispute that has arisen in the action, which is in its infancy. At the heart of the controversy is an effort by the plaintiffs, through pretrial discovery, to obtain information regarding defendants' accused computer programs, including source codes, and defendants' resistance to surrendering those materials.

After carefully considering the various submissions of the parties, and having heard oral argument regarding the dispute, I find that plaintiffs

are entitled to discovery of the information sought, though I find it appropriate, in my discretion, to impose certain conditions in order to ensure fairness and protect the integrity of defendants' intellectual property.

I.     BACKGROUND

For several years plaintiff MSI has been engaged in the business of selling various insurance products in conjunction with the promotion of credit union memberships. To further its business objectives, MSI would typically meet with large groups of employees of a particular, targeted employer in an effort to solicit them for credit union accounts, offering such beneficial features as payroll deductions and/or direct payroll deposits. In connection with those efforts, MSI would also act as a general agent and thereby promote insurance products of various affiliate companies. In order to facilitate the process, plaintiffs claim to have created a "unique business model", known as "CU@Work", comprised, *inter alia*, of the computer program originally the subject of three copyright registrations in March of 1996, and later upgraded between 1999 and 2002 to develop a new electronic version compatible with Microsoft's

Active Server Pages (".asp") software platform.[1]

MSI contends that in early 2003 its representatives met with technical employees from defendant Security Mutual Life Insurance Company ("SML") to discuss a possible alliance between the two companies. During that meeting, plaintiff Aaron Banks demonstrated both the first version of CU@Work and the new ".asp" electronic version, in an effort to convince SML to pursue a joint venture. Plaintiffs contend that at some point efforts to promote the business relationship failed, and that defendants thereafter misappropriated their intellectual property and incorporated it into their own programs, including SML's ActivEnroller and LifeGuard programs. Defendants deny misappropriation and contend, in submissions principally made in connection with the pending cross motions, that the ActivEnroller and Lifeguard programs were fully developed and implemented by the fall of 2002, well prior to inception of the MSI-SML discussions, and thus the copying alleged by the defendants could not have occurred.

II. DISCUSSION

In support of their motion to compel, plaintiffs urge their need for

---

[1] Plaintiffs claim to have registered a copyright for this enhanced program, under the name CUSegway, in July of 2006.

access to defendant SML's codes, drafts of codes, and software for its ActivEnroller, Lifeguard and CU@Work programs in order to determine whether, in fact, misappropriation and infringement has occurred. Defendants counter that their submissions, including in the form of sworn affidavits, definitively establish that copying could not have occurred, inviting the court to weigh the merits of plaintiffs' claims and order discovery only in the event of a finding of potential, or *prima facie*, infringement.  In support of their request, defendants maintain that the disputed materials are highly proprietary and doubt that a protective order, entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, could adequately protect SML's proprietary material.  Defendants also express skepticism, based upon the history of the parties, as to whether requiring production of SML's materials without first allowing defendants to see what plaintiffs contend was disclosed to SML during meetings with MSI representatives would not invite later fabrication by the plaintiffs of evidence regarding that issue to confirm their copying theory.[2]

---

[2] At the outset of the parties' relationship, SML loaned plaintiffs in excess of $300,000.  As a result of plaintiffs' default on the loan SML sued Roger Banks and MSI in New York State Supreme Court, based upon promissory notes given by the two, resulting in the entry of a judgment in SML's favor in the amount of $399,342.39 – a judgment which SML is now attempting to enforce.  Defendants characterize this action as a defensive maneuver to provide leverage in connection with that judgment debt.

The provision governing the scope of discovery in federal civil action permits a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). The word "meritorious" is not included within that rule as a limitation with respect to the phrase "claim or defense". And, having neither found nor been cited any authority to the contrary, I reject the notion that in order to obtain discovery a party must first demonstrate palpable merit with respect to its claims or defenses.[3] Indeed, in this case to establish the merits of their copyright claims the plaintiffs have need of the materials which they now seek through discovery.

This is not to say that discovery falling within the scope of Rule 26(b)(1) should in every instance be unfettered, or that the court lacks the authority to enter appropriate orders ensuring fairness. To the contrary, the court retains discretion to enter appropriate relief limiting discovery, or directing that it be conducted on terms which are just. Fed. R. Civ. P. 26(c); *see Schwab v. Philip Morris USA, Inc.*, 449 F.Supp.2d 992, 1242 (E.D.N.Y. 2006).

---

[3] It should be noted that the plaintiffs in this action are represented by counsel who, by signing their complaint, has certified to a belief, based upon an inquiry reasonable under the circumstances, that plaintiffs' claims are warranted and the factual allegations contained within the complaint either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for investigation or discovery. Fed. R. Civ. P. 11.

In this instance, the only way that I can contemplate to accommodate the competing interests of the parties is to require the simultaneous submission to the court, in duplicate, of the relevant materials, with a certification from the plaintiff that it has produced all materials that, it will contend at trial, were conveyed to the defendants during the various relevant meetings in or about early 2003. Upon being satisfied that the submissions meet the court's requirements, I will then order that one copy of each side's submissions be filed, under seal, in order to maintain a suitable record, and will disclose the second copy of those submissions to the opposing party, conditioned upon the prior entry of a proper Rule 26(c) protective order to protect the integrity and confidentiality of any sensitive materials disclosed.

III.   SUMMARY AND ORDER

In sum, I find no basis to conclude that plaintiffs, which have in good faith alleged both access to their protected materials and copying, should be denied discovery which is both uniquely within defendants' control and necessary to probe the allegations of infringement. On the other hand, I recognize defendants' concerns regarding disclosure of its confidential materials and potential for fabrication of evidence to support plaintiffs' infringement claims, and have attempted to accommodate them by the

entry of appropriate protections.  Based upon the foregoing, it is hereby

ORDERED as follows:

1)	On or before March 30, 2007 each party shall submit directly to my chambers, and not to be filed electronically, in duplicate, the relevant materials.  The materials submitted by plaintiffs must include every piece of information, including codes, software, and other information, which, they maintain, was conveyed to the defendants during the meetings which occurred in or about 2003 in connection with the parties' proposed joint venture and disclosed to the defendants at any other point in time up to the date of commencement of this suit.  Plaintiffs' submission shall also include the code, all drafts of code, and all information regarding the software for its CU@Work program.  Defendants' submissions must include all codes, drafts of codes, and software for any iteration of ActivEnroller, Lifeguard, and CU@Work in place at any time between January 1, 2003 and the date of production.

2)	In the event that this court is satisfied that the submissions meet the foregoing criteria, and conditioned upon the prior entry of an appropriate protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, I will order one copy of each party's submissions filed, under seal, and will forward the other to counsel for the opposing party.

3) With the exception of the foregoing, the parties' cross-motions are denied, and no costs or attorneys' fees are awarded.

4) The clerk is directed to serve a copy of this order in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: March 12, 2007
Syracuse, NY

G:\Civil\2006\06-CV-1164\order.wpd